```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
          ASHEVILLE DIVISION
            1:04CV152-02-MU
```

| | |
|---|---|
| JONATHAN L. HENSLEE )<br>    Plaintiff,    )<br>                  )<br>    v.            )<br>                  )<br>(FNU) LEWIS, Lieutenant )<br>  at the Rutherford )<br>  County Jail;    )<br>(FNU) YOUNG, Employee at )<br>  the Rutherford County )<br>  Jail; and       )<br>TINA (LNU), Employee at )<br>  the Rutherford County )<br>  Jail,           )<br>    Defendants.   )<br>_____)  | <u>O R D E R</u> |

**THIS MATTER** comes before the Court on the plaintiff's letter "motion of discovery," filed August 12, 2004 [document # 2]; on his letter motion requesting the appointment of counsel, filed December 2, 2004 [document # 6]; and on his letter motion requesting permission to supplement his Complaint, also filed December 2, 2004.

A review of the record of this case reflects that on August 4, 2004, the plaintiff filed a civil rights form-Complaint under 42 U.S.C. §1983. By his Complaint, the plaintiff attempted to allege claims for violations of his constitutional rights on the basis of having reportedly been unlawfully restrained by certain of the defendants and having been placed at risk of an assault

from fellow inmates by another defendant. Not surprisingly, however, this Court found that the plaintiff had fallen far short of stating a constitutional claim for relief against any of the defendants. Accordingly, by Order filed April 27, 2005, the undersigned dismissed the plaintiff's Complaint.

However, by an oversight, the Court neglected to deal with the plaintiff's non-dispositive motions as set forth above. Turning now to his motion for discovery, by which the plaintiff sought "all evidence"--including lab results concerning blood work which was performed on him on the night of his arrest for the offenses which underlie his incarceration, such motion must be denied. Indeed, inasmuch as the plaintiff's request failed to adequately identify the items sought, or to demonstrate that such material bore on, or could reasonably lead to other matters that could bear on, any issue that was in the case, the plaintiff's request must fail.

With regard to his motion for the appointment of counsel, the Court notes that such requests rarely are granted. That is, it is well settled that there is no constitutional right to counsel in a civil case. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984); accord Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986). Thus, in the absence of "exceptional circumstances" relating either to the complexity of the case, or to the plaintiff's ability to present his claims,

2

such request must be denied. Here, the plaintiff adequately presented his non-complex claims. Unfortunately for him, however, such matters simply did not state a claim for relief.

Last, the plaintiff sought to supplement his Complaint by his final motion. In particular, the plaintiff's final motion asked the Court to obtain and make the employment records of two defendants a part of his file so that he could use them to show the "true character" of such individuals. Suffice it to say, however, such request cannot be granted. To be sure, requests to amend the pleadings may be denied when it would be futile to allow such action. New Beckley Mining Corp. V. Int'l Union, 18 F.3d 1161, 1164 (4th Cir. 1994). Thus, in a case such as this where the proposed amendment would have had no impact on the Court's determination that the plaintiff had failed to state a constitutional claim for relief, such amendment would, indeed, have been futile.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the plaintiff's motion for discovery is **DENIED;**

2. That the plaintiff's motion for the appointment of counsel is **DENIED;** and

3. That the plaintiff's motion to supplement is **DENIED.**

SO ORDERED, this the 28th day of April, 2005.

**GRAHAM C. MULLEN**
Chief U.S. District Judge