```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:04CV152-02-MU
```

```
JONATHAN L. HENSLEE          )
     Plaintiff,              )
                             )
        v.                   )
                             )
(FNU) LEWIS, Lieutenant      )
  at the Rutherford          )
  County Jail; and           )
(FNU) YOUNG, Employee at     )         O R D E R
  the Rutherford County      )
  Jail.                      )
     Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on remand from the Fourth Circuit Court of Appeals, docketed January 12, 2006; and on the plaintiff's letter request for the appointment of counsel in this case, filed January 6, 2006.

A review of the record of this matter reflects that on August 4, 2004, the plaintiff filed a civil rights form-Complaint under 42 U.S.C. §1983. Such Complaint alleged that over a two week period during an unspecified time, defendants Lewis and Young placed the plaintiff in restraints under unsanitary conditions and without a mattress or covers. The plaintiff also alleged that on an unidentified occasion, defendant Tina (LNU) encouraged other inmates to attack him. Consequently, the plaintiff's Complaint requested $50,000 in damages and a reduction in his sentence.

Upon this Court's initial review of this Complaint, the Court first determined that it lacked the authority to grant the plaintiff any relief on his sentence in an action brought under §1983. Accordingly, that request was summarily rejected. Next, the Court determined that the plaintiff had failed to state a claim for relief on both of his allegations; therefore, his Complaint had to be dismissed.

In particular, this Court found that the plaintiff had failed to allege that he had suffered any injury from having been placed in restraints by defendants Lewis and Young. Likewise, the Court found that the plaintiff had failed to allege that he actually was assaulted as a result of defendant Tina (LNU's) conduct.

Furthermore, this Court noted that the plaintiff had failed to set forth any relevant information concerning the dates on which those incidents allegedly had occurred. Therefore, the Court noted that it could not even conclude that the subject Complaint had been filed within the applicable three-year statute of limitations.

Based upon the foregoing matters, then, the undersigned dismissed the plaintiff's Complaint. Thereafter, however, the plaintiff timely appealed that dismissal to the Fourth Circuit Court of Appeals.

On appeal, the appellate Court affirmed this Court's

dismissal of the plaintiff's request for a sentence reduction, and the dismissal of his Complaint against defendant Tina (LNU). Indeed, as to the latter claim, the Court of Appeals noted, consistent with its earlier affirmation of a district court's decision in Morrison v. Martin, 755 F.Supp. 683 (E.D.N.C), aff'd, 917 F.2d 1302 (4th Cir. 1990), that allegations of mere threats or verbal abuse by prison guards, without more, do not state a cognizable claim under § 1983; see also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (same).

Further, the appellate Court pointed out that this Court was correct in its determination that the plaintiff had failed to allege any injury in connection with his remaining claim concerning his period of restraint. Nevertheless, the Court of Appeals found, in reliance upon Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1978) (noting that pro-se pleadings should be liberally construed and, where cause appears in such pleadings, plaintiffs should be allowed to amend otherwise insufficient claims to achieve justice), that this Court should have allowed the plaintiff to amend his Complaint--even in the absence of any attempt by him to do so--so that he could have included his belated assertion that he underwent a surgical procedure on his elbow as a result of having been injured while in the restraints.

The Fourth Circuit's conclusion in that regard is all the more perplexing to this Court, given that the subject assertion

3

was not set forth in the plaintiff's Complaint, but rather was merely mentioned, in passing, in his rambling, one-page discovery request which the plaintiff filed days after he filed his Complaint. Furthermore, while this Court is well aware of its obligation to liberally construe pro-se pleadings, as explained in Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this Court is concerned by the potential impact of the appellate Court's ruling to the extent that such ruling suggests that district courts must treat subsequently filed discovery requests as pleadings, or de facto complaints for initial review purposes. Indeed, such a notion would fly in the face of the Federal Rules of Civil Procedure which describe pleadings as consisting of "a complaint, and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim . . . ; a third-party complaint . . .; and a third-party answer." Fed.R.Civ.P. 7(a). See also Black's Law Dictionary, 5th Ed. (West 1979) (defining pleadings as documents limited to those set out in Rule 7(a)).

Equally critically, construing a discovery request or other extraneous filings as actual pleadings thwarts the very purpose of notice pleading--to provide a single, concise statement of the claim(s) in a document which can be readily identified by the defendant or opposing party. Thus, if the type of sweeping construction that the appellate Court is requiring in this case is routinely followed, district courts likely will draw sharp

objections from defendants and/or opposing parties, thereby unnecessarily prolonging the litigation process and making cases more contentious than they already are.

However, inasmuch as this Court understands that it is bound to follow the law not just as it exists, but also as interpreted in the mandates of appellate Courts, the undersigned will defer to the instant mandate by requiring the plaintiff to amend his Complaint as hereafter explained. In addition, the undersigned will defer to the appellate Court's mandate that the plaintiff be required to fill in the missing information concerning the dates on which these incidents allegedly occurred in order to establish that his Complaint, in fact, was timely filed.

Finally, as was previously noted, the plaintiff has submitted a letter by which he requests that the Court appoint counsel for him in this matter. In support of that request, the plaintiff represents that he currently is taking three medications which he believes interfere with his ability to pay attention to these legal proceedings.

Notwithstanding his apparent belief to the contrary, the Court finds that this request must be <u>denied</u>. Indeed, the law is clear that there is no constitutional right to appointed counsel in a civil case such as this. Rather, under 28 U.S.C. §1915(e)-(1), this Court may request an attorney to represent an indigent party only under certain narrow, exceptional circumstances. <u>See</u>

generally Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (noting the requirement of "exceptional circumstances" in order to support request for the assistance of counsel); and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir, 1975) (same).

In particular, the Court may seek the requested assistance from the bar only when it is apparent that the pro se litigant has a colorable claim and he lacks the capacity to present such claim. Gordon v. Leeke, 575 F.2d 1147 (4th Cir. 1978), rev'd on other grounds, Mallard v. United States Dist. Court, 490 U.S. 296 (1989). In the case at bar, even assuming that the plaintiff has stated colorable claim for relief, he still has failed to demonstrate, at least up to this point, that he is unable to present such claim in this Court.

To be sure, although the plaintiff represents that he is taking three different medicines which he believes will diminish his attention span, he has not identified those medications by name. Nor has the plaintiff specifically explained, or otherwise given examples of how the medications actually affect him. Under these circumstances, the Court finds that the plaintiff's request for the appointment of counsel should be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Within thirty (30) days of the date of this Order, the plaintiff shall file an amended Complaint with this Court in case number 1:04CV152-02-MU. Such amended Complaint should include an

allegation, with details, concerning the surgical procedure which the plaintiff reportedly underwent. Furthermore, such amended Complaint must include specific dates concerning when this particular incident occurred. **Should the plaintiff fail to respond as hereby directed, the instant Complaint will be subject to dismissal.**

    2. The Clerk shall delete all references to defendant Tina (LNU) from its records of this matter.

    3. The plaintiff's request for the appointment of counsel is **DENIED.**

    4. The Clerk shall send a copy of this Order to the parties.

    **SO ORDERED.**

**Signed: January 18, 2006**

Graham C. Mullen
Chief United States District Judge