IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV152-02-MU

| | |
|---|---|
| JONATHAN L. HENSLEE )<br>    Plaintiff, )<br>)<br>   v. )<br>)<br>(FNU) LEWIS, Lieutenant )<br>  at the Rutherford )<br>  County Jail; and )<br>(FNU) YOUNG, Employee at )<br>  the Rutherford County )<br>  Jail. )<br>    Defendants. )<br>_____) | <u>O R D E R</u> |

**THIS MATTER** comes before the Court on Plaintiff's Motions to Appoint Counsel, filed January 6 and February 13, 2006 (document ## 26 and 32, respectively); on his two Motions to Order Witnesses' Testimony and for Declaration for a Witness, filed January 23, 2006 and October 16, 2007 (document ## 29 and 48, respectively); on his Motion to Amend his Complaint, filed January 23, 2006 (document # 31); on his Motion for Hearing, filed May 22, 2006 (document # 34); on his two Motions seeking a ruling on his Motions to Appoint Counsel, filed June 11 and October 16, 2007 (document ## 43 and 49); and on his Motion to Produce, filed July 10, 2007 (document # 46).

As was recounted more fully in the Court's order of January 18, 2006, Plaintiff filed a civil rights form-Complaint under 42

U.S.C. §1983 alleging, inter alia, that the above-named Defendants had placed him in restraints under unsanitary conditions, without a mattress or covers (document # 1). This Court dismissed the action upon its initial conclusion that Plaintiff had failed to allege resulting harm from the incident (document # 8). However, the Fourth Circuit Court of Appeals remanded this matter for further proceedings. See Henslee v. Lewis, et al., No. 05-6768 (4th Cir. Nov. 3, 2005). In particular, the appellate Court directed this Court to allow Plaintiff to particularize his Complaint in order to allege that he sustained an injury, to explain the nature of his injury, and to explain the type of medical care he received in response to such injury. Id., slip op. at 3. The appellate Court also directed this Court to allow Plaintiff to provide information concerning the dates on which such unlawful restraint allegedly took place, in order to ensure that this action was timely brought. Id. To that end, on January 18, 2006, this Court entered an Order directing Plaintiff to amend his Complaint as directed by the appellate Court (document # 27).

In the meantime, however, while Plaintiff's case still was pending on appeal, he filed the first of his two Motions to Appoint counsel (document # 26). Such request is premised on Plaintiff's assertions that he takes medication which affects his "mental intellect" and that he lacks the mental ability to handle his case on his own.

2

Thereafter, on January 23, 2006, Petitioner filed a Motion to Order Witnesses' Testimony Statements (document # 29), seeking the contact information for six persons. However, Plaintiff explains only that one of the persons on his list, a physician at Dorthea Dix Hospital, is someone to whom he "complained several times . . . about the situation . . . and requested for him to get a judge's order to place [Plaintiff] in safe keeping at Central Prison because the situation in the County Jail."

Additionally on January 23, 2006, Plaintiff filed a letter (document # 28) setting forth certain information in response to this Court's Order of January 18, 2006. Specifically, Plaintiff's letter reports that he was arrested and taken to the Rutherford County Jail on January 32, 2003, he was placed in restraints on February 4, 2003, and he was released from such restraints on February 18, 2003. Plaintiff's letter further reports that the injury of which he is complaining occurred at some point during that two-week period; that he had surgery to repair nerve damage which was caused by the restraint, and he was anticipating having a second surgery at some point in the future. Last, Plaintiff's letter explains that during the time of his restraint, he was made to use the bathroom on himself and he had no mattress, bedding or personal hygiene supplies.

Also on January 23, 2006, Plaintiff filed Motions to Produce Documents and to amend his complaint. By the former Motion

(document # 30), Plaintiff asked the Court to Order the production of his medical records from Central Prison and the Alexander Correctional Institution.  Plaintiff asserted that such records would better explain his injuries to the Court.  By the latter Motion, (document # 31), Plaintiff seeks to amend his Complaint to delete his demand for a reduction in his sentence and to include a demand for $50,000 in damages.

Next, on February 13, 2006, Plaintiff filed a document captioned as a "Remotion for Counsel" (document # 32), explaining that he has no money to hire an attorney; his case is too complex for him to proceed pro-se; he lacks "the legal education" fully to understand the law and civil proceedings, has no access to a "civil law librar[y]" and no funds to purchase any books to assist him; he is unable to work on his case "while he is segregated from the public" and such segregation blocks his ability "to get law work done"; and his case will involve expert testimony, thereby increasing the complexity of his case.  On April 4, 2006, Plaintiff filed an Addendum to his Motion to Produce Documents, asking the Court also to secure his high school records from Rabun County, Georgia (document # 33).

Then, on May 22, 2006, Plaintiff filed a letter-motion (document # 34), requesting a hearing so that the Court can "hear [his] verbal statement concerning this unlawful civil act conducted by Officers that work or worked at Rutherford Co. Jail

4

and to let the Court see the scar on [his] right elbow from where [he] had surgery . . . ."

On May 24, 2006, this Court entered an Order granting Plaintiff's request for the production of his medical records from the North Carolina Department of Corrections (document # 35). The Court opined that such records could help it determine whether Plaintiff's claim was so complex as to require the assistance of counsel. However, the Court denied Plaintiff's request for his high school records from Georgia as being to attenuated to the issue in the instant case. The Court also deferred its ruling on Plaintiff's two requests for the appointment of counsel (document ## 26 and 32) until such time as the Court could review the records to determine whether counsel was necessary.

On June 11, 2006, Plaintiff filed a document captioned as a Motion for Judgment (document # 43), asking the Court to rule on his so-called "Remotion for Counsel." Although it is not clear from this record, it appears that Plaintiff's medical records were received by the undersigned, in Chambers, during the mid to latter part of June 2006.

Thereafter, on July 10, 2007, Plaintiff filed a document captioned as a "Motion to Produce Document Of Evidence" (document # 46). Such Motion reports that on April 30, 2004, Plaintiff signed a form authorizing a surgical procedure which was referred to as a "right cubital tunnel release"; that such information

5

"proves without a doubt [he] was injured and had surgery done to fix the injury . . ."; that his claimed injury "is valid and real"; and that after the Court rules on his Motions to Appoint Counsel, he intends to file a motion for an in-court hearing so that he present this evidence in support of his case.

Finally, on October 16, 2007, Plaintiff filed a Motion for Declaration for a Witness (document # 48), requesting the contact information for a Jailer at the Rutherford County Jail; and a Motion for Judgment (document # 49), seeking a ruling on his earlier motions for the appointment of counsel.

For its part, the Court now has had an opportunity carefully to review Plaintiff's medical records to determine whether his claim is so complex that he reasonably cannot be expected to continue to proceed pro-se in this case. As was explained in the Court's Order of January 18, 2006, there simply is no constitutional right to court-appointed counsel in a civil case. However, pursuant to 28 U.S.C. § 1915(e)(1), district courts may request the assistance of private attorneys to represent indigent parties, but only in exceptional circumstances. See generally Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (noting the requirement for "exceptional circumstances" in order to justify assistance of counsel); and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975 (same).

After having reviewed Plaintiff's Motions for Counsel and

6

the documents upon which he relies, the Court finds that Plaintiff reasonably can be expected to continue with his pro-se representation in this case. Indeed, the Court has determined that Plaintiff's actual claim -- that Defendants placed him in restraints for a two-week period in January 2003 during which time he was forced to go without certain basic necessities and he injured his arm –- is not at all complex.

Moreover, the subject records reflect that Plaintiff has, since a fairly young age, had periods when he has received mental health services and medications; and that on occasions, he has needed in-patient treatment for those mental health problems. However, over the course of those years, Plaintiff has continued effectively to advocate for his own interests with some degree of effectiveness, as evidence both by his success on the appeal of this case and his success with certain of his motions before this Court. Indeed, while such motions may be inartfully draft-ed, as might be expected of a lay person, they are adequate to convey Plaintiff's position to the Court.

Furthermore, Plaintiff's requests for contact information for potential witnesses (document ## 29 and 48) appear to be premature in that Defendants have not yet responded to his alle-gations. Accordingly, those Motions will be denied as premature. The rest of the above-referenced Motions will be addressed as below noted.

7

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motions seeking a ruling on his Motions to Appoint Counsel (document ## 43 and 49) are **GRANTED** to the extent that the Court herein is ruling on such Motions to Appoint Counsel;

2. Plaintiff's Motions to Appoint Counsel (document ## 26, 32) are **DENIED;**

3. Plaintiff's Motions seeking contact information for certain persons (document ## 29 and 48) are **DENIED as premature;**

4. Plaintiff's Motion to amend his Complaint to delete his request for a reduction of his sentence and to add a request for $50,000 in damages (document # 31) is **GRANTED;**

5. Plaintiff's Motion for Hearing (document # 34) is **DENIED as premature;**

6. Plaintiff's Motion to Produce (document # 46), which Motion does not request any relief but merely argues in support of Plaintiff's claim, is **DISMISSED as moot;**

7. The Clerk is directed to prepare process for Defendants and issue same to the U.S. Marshal, and the U.S. Marshal shall serve process upon Defendants; and

8. Defendants shall file their response(s) to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: October 2, 2008

Graham C. Mullen
United States District Judge