```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                    1:04CV152-02-MU
```

```
JONATHAN L. HENSLEE         )
     Plaintiff,             )
                            )
       v.                   )
                            )
SHERRI SIMMONS, Lieute-     )
  nant at the Rutherford    )
  County Jail; and          )
ALAN YOUNG, Employee at     )        O R D E R
  the Rutherford County     )
  Jail.                     )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on Defendants' Motion for Order Allowing Prison Deposition of Plaintiff, filed November 5, 2008 (document # 56); on Plaintiff's Motion demanding a jury trial, filed November 6, 2008 (document # 57); on Plaintiff's Motions for an Order to Depose the Defendants and for Admissions, filed November 10 and November 19, 2008 (document ## 58 and 66, respectively); on Plaintiff's Motion to Produce a second copy of his medical records, filed November 17, 2008 (document # 60); on Plaintiff's Motions to Produce "Video Footage," filed November 17 and December 2 and December 9, 2008 (document ## 63, 71 and 80, respectively); on Plaintiff's Motion for Witnesses to be Contacted, filed November 19, 2008 (document # 65); and on Plaintiff's Motions to Produce Documents and materials, filed November 24,

November 25, 2008, December 9, December 10 and December 11, 2008
(document ## 67, 68, 81-83, 85 and 97, respectively).

### A. Factual and Procedural Background

On August 4, 2004, Plaintiff filed the instant civil rights action complaining about his treatment while in the custody of the Rutherford County Jail (document # 1).[1] On April 27, 2005, this Court dismissed that action for Plaintiff's failure to state a claim for relief (document # 8). However, Plaintiff appealed the dismissal of his case and by the mandate of the Fourth Circuit Court of Appeals entered January 12, 2006, this Court's decision was affirmed in part, reversed in part, and remanded for further proceedings (document # 25).

Accordingly, on January 18, 2006, this Court entered an Order instructing Plaintiff to amend his Complaint as directed by the appellate Court (document # 27). On January 23, 2006, Plaintiff filed a document captioned as a "Deposition," asserting that the period of unlawful restraint about which he is complaining occurred from February 4 until February 18, 2003; that the injury which he reportedly suffered from that restraint also occurred during that time period; and that Dr. Bush at Central Prison performed a surgical procedure on him at some unspecified point to correct the injury caused by the subject restraint (document #

---

[1] A complete recitation of the factual history of this case is set out in the Court's Order of January 18, 2006 (document # 27).

2

28).  Thereafter, Plaintiff filed a litany of Motions, which matters were resolved in the Court's Order of October 2, 2008 (document # 50).

Most recently, on November 3, 2008, Defendants filed an Answer to Plaintiff's Complaint, denying that Plaintiff was left in restraints for an extended period of time, if at all, that his mattress, bedding or personal hygiene items were taken, that he was forced to use the bathroom on himself, or that Plaintiff otherwise was injured while at the Rutherford County Jail (document # 55).  Rather, Defendants admit that Plaintiff was placed in isolation for his own protection when other inmates learned the nature of the rape charges which Plaintiff was facing.  In addition, Defendants' Answer asserts that they are entitled to qualified immunity; Plaintiff is estopped from obtaining damages from them; Plaintiff has failed fully to exhaust his administrative remedies; Plaintiff's failure to mitigate any possible damages bars his right to a recovery; and Plaintiff has failed to state a upon which relief can be granted.

On November 5, 2008, Defendants filed a Motion seeking permission to depose Plaintiff at his prison[2] (document # 56).  For his part, Plaintiff also has returned to the Court on another round of Motions, seeking permission to depose various persons,

---

[2] Plaintiff now is serving a prison sentence in the custody of the Alexander Correctional Institution.

the production of various documents and materials as well as other forms of relief.  Such Motions will be disposed of as hereafter indicated.

**B. Resolution of the Parties' Motions**

**1. Defendants' Motion to Depose Plaintiff**

With respect to Defendants' Motion to depose Plaintiff (document # 56), the Court observes that in a typical case where a plaintiff is not incarcerated, a defendant would have no need to secure leave of Court before engaging in the subject discovery.  Further, Plaintiff has not opposed Defendants' request.  Therefore, Defendants' Motion for an Order Allowing Prison Deposition will be granted.

**2. Plaintiff's Motion for a jury trial**

Among Plaintiff's numerous Motions is one for a jury trial (document number 57).  However, demand for a jury trial need not be made by motion.  Rather, Plaintiff's demand for a jury trial will be duly noted for the record, and the instant Motion will be dismissed as moot.

**3. Plaintiff's Motion for a copy of his records**

Document number 60 asks the Court to direct the N.C. Department of Corrections to provide Plaintiff with a second copy of his mental health records because the officers at his prison have misplaced the copy which he previously was given by the Department.  Defendants do not oppose this Motion.  Thus, inasmuch as

4

it appears from Plaintiff's Motion that the records were mis-
placed by a prison employee -- and not Plaintiff, himself, the
Court will grant Plaintiff's Motion.

### 4. **Plaintiff's Motion to contact prospective witnesses**

By document number 65, Plaintiff asks that contact be made
with several proposed witnesses; however, it is not at all clear
whether Plaintiff's Motion is aimed at the Court or Defendants.
Further, the Court notes that Plaintiff does not specify the pur-
pose for which he is asking that contact be made with such
persons.

In any case, Defendants' response reports that none of the
purported witnesses are in the custody of or employed by the
Rutherford County Sheriff; therefore, they have no means by which
to contact such persons.  Inasmuch as there simply is no legal
basis upon which this Court is authorized simply to make contact
with these persons, this Motion will be denied.

### 5. **Plaintiff's Motions for video footage**

By several of his Motions, Plaintiff is seeking "video
footage" and/or camcorder recorded footage which purportedly
was/were taken on February 4, 2003 either by a recording and
monitoring device or a handheld camcorder recording device
(document ## 63, 71 and 80).

Counsel for Defendants advises the Court that no such
materials exist because the video surveillance equipment which is

used at the Rutherford County Jail is image-feed only, and does not record images; and that no other equipment ever was used to record images of Plaintiff (document ## 72, 74 and 98). Based upon such representations of counsel, therefore, the Court finds that the these Motions must be denied.

### 6. Plaintiff's Motions for interrogatories and admissions

By two of his Motions, Plaintiff seeks permission to depose by written interrogatories Defendants through their attorney, Mr. Scott MacLatchie, and to secure admissions from Defendants (document ## 58 and 66, respectively). In addition, Plaintiff seeks permission to serve interrogatories upon Dr. Bush (document # 69).

Counsel for Defendants has responded, arguing that Rule 31 of the Federal Rules of Civil Procedure requires Plaintiff to schedule his own time for taking depositions on written questions and to bear the expense of those proceedings, rather than attempting to usurp of portion of Defendants' deposition time for his own purposes (document ## 70, 77).

The Court finds that while Plaintiff should not be allowed to take any of the foregoing depositions, Defendants and Doctor Bush should be required to provide Plaintiff with written answers to his written interrogatories, subject to certain limitations as fully explained in the final clause of this Order.

### 7. Plaintiff's Requests for documentary evidence

6

By several of his other Motions, Plaintiff asks Defendants to provide him with copies of various Jail policies and mental health statements from his doctors (document # 67), copies of various administrative personnel records (document # 68), photographs of the third floor of the Rutherford County Jail and the bed on which he allegedly slept without its mattress during the period in question (document ## 81 and 82), time and attendance records, and other administrative records (document # 83), and the shackles and other restraints which purportedly were used on him on the dates in question (document # 85).

However, it appears that such documents both were properly served on counsel for Defendants as discovery requests under Rule 34 of the Federal Rules of Civil Procedure and erroneously submitted to this Court. In turn, Plaintiff's error in submitting copies of the foregoing requests to this Court was further compounded by the improper filing of the requests as motions in this case. Nevertheless, counsel for Defendants is correct in his assertions that his responses to such requests are not yet due; and that such requests should not be construed as motions for Court-Ordered discovery. As such, the subject requests which erroneously have been filed as Motions to Produce all will be denied as premature.

### 8. **Plaintiff's remaining Motions**

The Court has reviewed Plaintiff's remaining Motions and

7

determined that his request for personnel records which he intends to use properly to identify Ms. Loveless (document # 97) can be dismissed as moot. Indeed, Defendants' response to Plaintiff's Motion (document # 105) properly identifies "Ms. Loveless" as "Susan Lovelace." Therefore, document number 97 will be dismissed as moot.

The Court also has determined that several of the remaining Motions (document ## 89 and 90-95) are not ripe as Defendants' time to respond to those matters has not yet expired. Therefore, the Court will defer its ruling on those Motions.

Moreover, the Court further has determined that document number 92 is a duplicate of the Motion filed as document number 91 and document number 94 is a duplicate of the Motion filed as document number 89. Therefore, the two duplicate Motions will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Depose Plaintiff (document # 56) is **GRANTED,** and such deposition shall be scheduled at a time and under such conditions as reasonably may be set by N.C. Department of Corrections Officials;

2. Plaintiff's Motion for a Jury Trial (document # 57) is **DISMISSED as moot,** but his demand for a jury trial is noted for the record;

3. Plaintiff's Motion for a Copy of his Medical Records

from the N.C. Department of Corrections (document #60) is **GRANTED,** and within thirty days of the date of this Order the N.C. Department of Correction shall provide Plaintiff with the subject documents;

    4.   Plaintiff's Motion to Make Contact with Witnesses (document # 65) is **DENIED;**

    5.   Plaintiff's Motions for Video Footage (document ## 63, 71 and 80) are **DENIED;**

    6.   Plaintiff's Motions for Interrogatories and Admissions (document ## 58, and 66) are **GRANTED,** and within forty-five days of the date of this Order, Defendants shall respond in writing to Plaintiff's questions as set forth in those two documents;

    7.   Plaintiff's Motion for Interrogatories directed at Dr. Bush (document # 69) is **GRANTED,** and within forty-five days of the date of this Order, Dr. Bush shall respond in writing to Plaintiff's questions as set forth in that document;

    8.   Plaintiff's Motions for documentary evidence (document ## 67, 68, 81, 82, 83 and 85) all are **DISMISSED as premature;**

    9.   Plaintiff's Motion to Produce certain personnel attendance records (document # 97) is **DISMISSED as moot;**

    10. Plaintiff's Motions for written depositions (document ## 89, 90, 91, 93 and 95) are **DEFERRED** until such time as they become fully ripe for resolution;

    11. Plaintiff's other Motions for written depositions

9

(document ## 92 and 94) are **DISMISSED**;

12. The Clerk shall send copies of this Order to Plaintiff and to Counsel for Defendants;

13. The Clerk shall send copies of this Order and document # 69 to Dr. Bush at Central Prison, 1300 Western Boulevard, Raleigh, North Carolina 27606.

**SO ORDERED.**

Signed: December 19, 2008

Graham C. Mullen
United States District Judge