```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                    1:04CV152-02-MU
```

| | |
|---|---|
| JONATHAN L. HENSLEE )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>SHERRI SIMMONS, Lieute- )<br>  nant at the Rutherford )<br>  County Jail; and )<br>ALAN YOUNG, Employee at )<br>  the Rutherford County )<br>  Jail. )<br>    Defendants. )<br>_____) | <u>O R D E R</u> |

**THIS MATTER** comes before the Court on its own motion and on Plaintiff's Motion to Compel Discovery (Doc. No. 213), filed September 2, 2009; on his Motion to Compel discovery (Doc. No. 250), filed October 7, 2009; on his Motion for the Court to conduct research concerning a new State law (Doc. No. 262), filed October 27, 2009; on his Motion to Dismiss his Motion (Doc. No. 265), filed November 4, 2009; and on his Motion for Reconsideration of the Court's recent denial of various Motions (Doc. No. 274), filed April 9, 2010.

As the record reflects, Plaintiff had more than 70 outstanding Motions, many of which concerned the same or similar subject matters.  By Order filed April 6, 2010 (Doc. No. 273), the Court addressed most of those Motions.  However, clause 22 of that Order contains a typographical error in that it references

Doc. No. 264 instead of 265 as the Motion to Dismiss which was being granted.  This Order will correct that error.

In addition, the Court referred to Plaintiff's Motion for documents relating to alleged misconduct by Defendant Lewis (Doc. No. 250) in its discussion of his other requests for similar documents and it referred to that document in clause 13 of the Order.  Nevertheless, such Motion still shows as pending on Plaintiff's docket sheet.  This Order will direct the Clerk to correct that oversight.

Furthermore, although the Court included Plaintiff's Motion for observation records (Doc. No. 213) in its discussion of his Motions for evidence from the Jail, it neglected to refer to that Motion in clause 17 of the Order.  This Order also will correct that oversight.

On the other hand, the Court neglected to include a discussion of Plaintiff's Motion that asks the Court to research a new State law which purportedly grants private citizens access to State employees' personnel records (Doc. No. 262) in its discussion of his Motions for documents from the Jail.  In any case, this Motion will be <u>denied</u> inasmuch as the Court already has determined that Plaintiff's Motions for records from Defendant Lewis's personnel file simply are not relevant here.

Plaintiff has filed a Motion for Reconsideration of the

Court's denial of several of his earlier Motions (Doc. No. 274). In particular, Plaintiff asks the Court to revisit its decisions concerning his request for a physical examination of his right elbow (Doc. No. 179), his request for documents from Dr. Vance (Doc. Nos. 95, 125, 130 and 185), and his request for documents relating to Defendant Lewis' alleged misconduct (Doc. No. 250). However, after careful review of said Motion for Reconsideration, the Court has determined, for the reasons originally stated, that the Motion should be denied.

Finally, the Court will admonish Plaintiff that he should not resume his practice of filing numerous (and duplicitous) motions in this case. The Court has received a Declaration from Susan Lovelace in response to Plaintiff's questions; however, the Court still is awaiting a response from Dr. Bush. As such, there are no new issues to resolve, so Plaintiff must refrain from filing any new motions until such time as Dr. Bush's response is received.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Dismiss (Doc. No. 265) an earlier Motion is **GRANTED**;

2. Plaintiff's Motion to Compel (Doc. No. 250) shall be **TERMINATED** pursuant to clause 13 of the Court's Order entered April 6, 2010 (Doc. No. 273);

3

3. Plaintiff's Motion for observation records (Doc. No. 213) is **DENIED**;

4. Plaintiff's Motion to research (Doc. No. 262) is **DENIED**;

5. Plaintiff's Motion for Reconsideration (Doc. No. 274) is **DENIED**; and

6. The Clerk shall send the parties copies of this Order along with copies of Ms. Lovelace's Declaration (Doc. No. 276).

**SO ORDERED,**

Signed: April 13, 2010

Graham C. Mullen
United States District Judge