IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV152-02-MU

```
JONATHAN L. HENSLEE          )
     Plaintiff,              )
                             )
      v.                     )
                             )
SHERRI SIMMONS, Lieute-      )
  nant at the Rutherford     )
  County Jail; and           )
ALAN YOUNG, Employee at      )       O R D E R
  the Rutherford County      )
  Jail.                      )
     Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on its own motion.

Relevant here, Plaintiff has filed a civil rights action under 42 U.S.C. § 1983 against the above-named Defendants, complaining that during a two week period, from February 4, 2003 until February 18, 2003, at the Rutherford County Jail, he was placed naked in four-point restraints with only a suicide smock to cover him. The Complaint further alleges that due to his restraints, Plaintiff was unable to properly use the bathroom during that period; that he was made to sleep on a box spring without either a mattress or linen; that he sustained an injury to his right elbow; and that he had to undergo a corrective surgical procedure for that injury.

In response, Defendants have denied that Plaintiff was placed either in the four-point restraints or the suicide smock

during his period of pre-trial detention. Rather, Defendants assert that Plaintiff was placed in protective custody for a period in order to protect him from a risk of harm posed by fellow inmates due to the nature of his charges. Defendants further assert that certain medical records reflect that the elbow injury about which Plaintiff complains actually was caused by his exercise/physical activity on an earlier occasion when he was incarcerated in the N.C.D.O.C., not by any misconduct of Defendants.

    By way of reply, Plaintiff contends that the physician who treated him for his injury, Dr. Andrew Bush, could establish that he was treated for a condition related to his restraint, not his own physical activity. Accordingly, Plaintiff asked the Court to direct Dr. Bush to answer his interrogatories (Doc. No. 69). Having found some of Plaintiff's proposed questions to be relevant, the Court twice has entered Orders directing Dr. Bush to provide a written response to such questions. (Doc. Nos. 106 and 273). Indeed, the Court's second Order advised the doctor that he either could provide his written response or an explanation as to why he was declining to respond within 35 days of the Court's entry of said Order. (Doc. No. 273). Although the Court's docket does not clearly reveal whether Dr. Bush was served with the first Order, it is clear that he was served with the second

2

Order at his place of business in Sanford, North Carolina exactly five days after the Order's entry. (Doc. No. 277). Nevertheless, more than 35 days have elapsed since the Court's second Order was entered, yet Dr. Bush has not made a response of any kind. Accordingly, the Court advises Dr. Bush of the following matters.

**DR. BUSH, PLEASE CAREFULLY READ THIS INFORMATION:**

Plaintiff has identified you as a witness who may have information pertinent to a proceeding which now is pending before this Court. As a convenience to you, the Court was willing to permit you to provide any such pertinent information by written response, with an accompanying certification of the information's veracity. However, your refusal to respond in accordance with the Court's directives (Doc. No. 273) has inclined the Court to grant Plaintiff's Motion for the issuance of a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure in order to command your appearance at a hearing before the Court to obtain whatever relevant evidence you may have.

In an effort not to unnecessarily usurp more of the Court's dwindling resources, you will be given one <u>final</u> opportunity to comply with the Court's most recent Order. Your failure to comply <u>will</u> result in your being Ordered to appear before this Court in a hearing as directed by said subpoena. Any failure to comply

3

with said subpoena could result in additional adverse consequences for you as permitted by Rule 45(e) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Clerk shall re-mail Doc. Nos. 69, 106 and 273, along with a copy of this Order, return receipt requested, to Dr. Andrew Bush at 1139 Carthage Street, Suite 101, Sanford, NC 27330.

2. Dr. Bush shall, if he so chooses, provide written answers to questions one, two and eight as set forth in Doc. No. 69. In the event that Dr. Bush chooses to answer the subject questions, his answers must be accompanied by a sworn declaration indicating that he has, to the best of his recollection and ability, attempted to provide truthful answers to the subject questions. Alternatively, in the event that Dr. Bush chooses not to answer Plaintiff's questions, he must provide the Court with a written explanation for that decision. <u>In either case, Dr. Bush's answers or explanation must be filed with the Court no later than thirty (30) days from the date of this Order. Failure to comply with this Order will result in the issuance of a subpoena commanding Dr. Bush to appear before this Court on a date and time to be determined hereafter, and in additional consequences should Dr. Bush ignore said subpoena.</u>

SO ORDERED,

Signed: May 25, 2010

Graham C. Mullen
United States District Judge